UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AMY MARCH, aka AMY CARNAZZO, )
)
      Plaintiff, )
)
    v. )    3:11-cv-319-RCJ-VPC
)
)    **ORDER**
PINNACLE MORTGAGE OF NEVADA, LLC, )
et al., )
)
      Defendants. )

_____

    Currently before the Court are a Motion to Remand (#4), Motion to Dismiss (#7), Motion to Stay (#9), Motion to Dismiss (#19), Emergency Motion to Extend Time (#35), and Emergency Motion to Withdraw as Attorney (#36). The Court heard oral argument on September 27, 2011.

**BACKGROUND**

**I.    Facts**

    Plaintiff Amy March, aka Amy Carnazzo ("Plaintiff") executed a note secured by a deed of trust on a piece of property located at 6780 Diamond Glen Drive, Reno, Nevada 89523, which was recorded in Washoe County on April 5, 2005. (Deed of Trust (#7-1) at 8, 10). The mortgage, dated April 1, 2005, was for $292,800. (*Id.* at 9). The lender and beneficiary on the deed of trust was Pinnacle Mortgage of Nevada, LLC ("Pinnacle Mortgage"). (*Id.* at 8-9). The trustee on the deed of trust was United Title of Nevada. (*Id.* at 9).

    On April 1, 2005, Pinnacle Mortgage executed an assignment of the deed of trust and granted, sold, assigned, transferred, and conveyed to Wells Fargo Bank, N.A., all beneficial interest in the deed of trust. (Assignment of Deed of Trust (#7-1) at 30-31).

On May 19, 2010, Trustee Corps, as the attorney-in-fact for Wells Fargo, executed a substitution of trustee, and replaced Trustee Corps as the trustee for United Title of Nevada. (Substitution of Trustee (#7-1) at 38).

That same day, May 19, 2010, Trustee Corps recorded a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#7-1) at 34). The notice of default indicated that Plaintiff had "failed to pay payments which became due." (*Id.*). The notice of default stated that Plaintiff had the right to cure the default, pursuant to NRS § 107.080. (*Id.*). The notice of default informed Plaintiff that if she did not cure the default within the statutory period, her right of reinstatement would terminate and her property could be sold thereafter. (*Id.* at 34-35). The notice of default provided Wells Fargo Bank's address and phone number and directed Plaintiff to contact Wells Fargo to determine the amount to cure the default. (*Id.* at 35).

On April 12, 2011, Trustee Corps recorded a certificate from the Nevada Foreclosure Mediation Program indicating that the beneficiary could proceed with the foreclosure process because no request for mediation had been made or the grantor had waived mediation. (Mediation Certificate (#7-1) at 43). That same day, April 12, 2011, Trustee Corps recorded a notice of trustee's sale, scheduled for May 6, 2011, with the Washoe County Recorder's office. (Notice of Trustee's Sale (#7-1) at 40). On April 27, 2011, Plaintiff's attorney filed a notice of lis pendens. (Notice of Lis Pendens (#7-1) at 45).

**II.     Complaint**

In May 2011, MTC Financial, Inc. dba Trustee Corps ("Trustee Corps") filed a petition for removal to this Court based on federal question jurisdiction, specifically the Fair Debt Collection Practices Act ("FDCPA"). (Pet. for Removal (#1) at 2). Trustee Corps attached the first amended complaint from the Second Judicial District Court in Washoe County. (Comp. (#1) at 4-21). In the complaint, Plaintiff sued Pinnacle Mortgage of Nevada, LLC; Trustee Corps; Doe Local Handyman/Locksmith (an unknown entity); Doe Local Lawn Maintenance Company (an unknown entity); and Wells Fargo Bank, NA. (*Id.* at 4). Plaintiff's complaint listed nine causes of action. (*Id.* at 6-20).

2

In the first cause of action, Plaintiff alleged trespass. (*Id.* at 6). The complaint alleged that, on January 21, 2011, Plaintiff returned home and discovered that intruder(s) had entered her home through the garage and had broken and removed door handles, had opened all the cabinets and closets, had put anti-freeze in the drains and toilets, and had turned off her water supply. (*Id.* at 6-7). The intruders returned later that day and removed all the food from her refrigerator. (*Id.* at 7). Plaintiff found a notice on her door indicating that her house had been "winterized." (*Id.*). On January 22, 2011, she was at her home when a yard maintenance man asked her if she was the new owner. (*Id.*). When she said no and asked who he was, he responded that he was "with the bank." (*Id.*). She asked the maintenance men to leave and when they refused, she called the police and reported the incident. (*Id.*).

In the second cause of action, Plaintiff alleged conversion against defendants because they unlawfully converted her property to their own use by asserting dominion and control over property to which they did not hold ownership or possessory rights. (*Id.* at 8). In the third cause of action, Plaintiff alleged a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f)(2) because her mortgage was transferred immediately without her notice. (*Id.* at 9). In the fourth cause of action, Plaintiff sought declaratory relief that her notice of default was defective and null and void. (*Id.* at 10-12). In the fifth cause of action, Plaintiff alleged violations of Nevada's Fair Debt Collection law, NRS § 649.370, which provides that any violation of the federal FDCPA is a violation of Nevada law. (*Id.* at 12). Plaintiff alleged that Trustee Corps was a debt collector. (*Id.*). In the sixth cause of action, Plaintiff alleged violations of Nevada's Unfair and Deceptive Trade Practices Act, NRS § 598.0923, because Defendants conducted business without the required licenses. (*Id.* at 13). In the seventh cause of action, Plaintiff sought to quiet title. (*Id.* at 14).

In the eighth cause of action, Plaintiff sought to rescind and/or void the loan agreements based upon mistake and lack of a meeting of the minds at contract formation because she did not know that her loan would be serviced by a loan servicing company who did not have the same authority to amend, modify, or alter the terms of the loan that an original lender would have. (*Id.* at 14-16). She asserted that she would not have entered into the loan had she

understood that she would be working with a loan servicing company instead of her lender. (*Id.* at 18). She admitted that she had not read the loan documents before signing them. (*Id.*). She alleged that she executed the loan documents on the mistaken belief that she was going to be in a borrower/lender relationship even though the lender knew that there would be no borrower/lender relationship. (*Id.* at 19). In the ninth cause of action, she alleged statutory violations of NRS § 107.080. (*Id.* at 20).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual

allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.   Plaintiff's Motion to Remand (#4)**

Plaintiff filed a motion to remand because the case did not meet the minimum $75,000 amount in controversy for diversity jurisdiction. (Mot. to Remand (#4) at 1). Plaintiff also argued that this Court lacked removal jurisdiction based on *Chapman v. Deutsche Bank Nat'l Trust Co.*, ___ F.3d ___, 2011 WL 2508152 (9th Cir. 2011). (*Id.* at 2).

Trustee Corps responded that it had filed a petition for removal based on Plaintiff's federal claims which included TILA and FDCPA claims. (Opp'n to Mot. to Remand (#11) at 3). Trustee Corps also argued that *Chapman* did not apply to the facts of this case. (*Id.*).

The Court denies Plaintiff's motion to remand because this Court has federal question jurisdiction based on the TILA and FDCPA claims. *See* 28 U.S.C. § 1331 (stating that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Additionally, Plaintiff's reliance on *Chapman* is misplaced. In *Chapman*, the Ninth Circuit held that the doctrine of prior exclusive jurisdiction applies when there are parallel state and federal proceedings that seek to determine interests in a specific property as against the whole world (*in rem*) or where the parties' interests in the property serve as the basis of the jurisdiction for the parallel proceedings (*quasi in rem*). *Chapman*, 2011 WL 2508152 at *3. The Ninth Circuit held that, in those cases, if the state court exercised jurisdiction before the federal court did, the state court's exercise of jurisdiction would take priority. *Id.* at *4. However, the Ninth Circuit noted that the prior exclusive jurisdiction doctrine differed from removal because, in removal, a state court loses jurisdiction upon the filing of a petition for removal. *See id.* Here, there is only one proceeding and Defendants have removed that proceeding to this Court. As such, the prior exclusive jurisdiction doctrine does not apply. Accordingly, the Court denies the motion to remand (#4).

**II.     Plaintiff's Motion for Stay (#9)**

In May 2011, Plaintiff filed a motion to stay the proceedings pending the Ninth Circuit's decision in *Chapman.* (Mot. for Stay (#9) at 1). The Court denies this motion as moot because the Ninth Circuit decided *Chapman* on June 23, 2011, and *Chapman* is inapplicable to this case.

**III.    Pinnacle Mortgage and Wells Fargo's Motion to Dismiss (#19)**

Pinnacle Mortgage and Wells Fargo filed a motion to dismiss all claims against them. (Mot. to Dismiss (#19) at 1, 5). Plaintiff, counseled, did not file a response. (*See generally* Docket Sheet). Pinnacle Mortgage and Wells Fargo filed a notice of non-opposition and requests that this Court grant its motion to dismiss pursuant to Local Rule 7-2(d). (Notice of Non-Opp'n (#22) at 2). The Court grants Pinnacle Mortgage and Wells Fargo's Motion to Dismiss pursuant to Local Rule 7-2(d) because Plaintiff failed to respond to the motion. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

**IV.    Trustee Corps' Motion to Dismiss (#7)**

Trustee Corps moves to dismiss all claims against it. (Mot. to Dismiss (#7) at 13).

6

Plaintiff filed an opposition and Trustee Corps filed a reply. (Opp'n to Mot. to Dismiss (#15); Reply to Mot. to Dismiss (#17)).

As an initial matter, the complaint only specifically names Trustee Corps as the defendant in the fifth cause of action for debt collection violations. In all other causes of action, Plaintiff makes general allegations against "defendants" but does not specifically identify those defendants. However, this order will address each cause of action.

The Court grants Trustee Corps' motion to dismiss the first cause of action for trespass. In the complaint, the only allegation that links the "Doe" defendants to a named defendant is the statement that the Doe lawn maintenance defendant was "with the bank." (*See* Compl. (#1) at 7). Trustee Corps is not a bank and, therefore, Plaintiff fails to state a claim against Trustee Corps.

The Court grants Trustee Corps' motion to dismiss the second cause of action for conversion. Conversion is "a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006). Plaintiff has not alleged any facts that Trustee Corps converted any of Plaintiff's personal property and, therefore, Plaintiff fails to state a claim.

The Court grants Trustee Corps' motion to dismiss the third cause of action for violations of TILA. TILA applies to a "creditor" who is

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f). Trustee Corps is not a "creditor" because it does not regularly extend credit. Instead, Trustee Corps is a company that processes foreclosure actions. *See* Trustee Corps Website at http://www.trusteecorps.com/home.htm (last visited Sept. 9, 2011). Therefore, Plaintiff fails to state a TILA claim against Trustee Corps as a matter of law and the Court dismisses this claim without leave to amend.

Under the fourth cause of action, Plaintiff seeks declaratory relief based on a defective notice of default. Pursuant to NRS § 107.080, the notice of default: (a) must describe the deficiency in performance *or* payment; (b) may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust; (c) must include the physical address of the property; and (d) must include the contact information of the trustee or the person conducting the foreclosure who is authorized to provide information relating to the foreclosure status of the property. NRS § 107.080(3)(a); NRS § 107.087(1)(b)(1)-(2).

In this case, the notice of default included all of the mandatory requirements. (*See* Notice of Default (#7-1) at 34). The notice of default indicated that the deficiency in performance was "failure to pay payments which became due." (*See id.*). The notice of default identified the physical address of the property on the first page. (*See id.*). The notice of default told Plaintiff to contact Wells Fargo Bank to determine the amount to cure the default and to determine whether reinstatement was possible. (*See id.* at 35). The notice of default also provided Wells Fargo's physical address and phone number. (*See id.*). Therefore, the notice of default contained all of the mandatory, statutory requirements and the Court dismisses the fourth cause of action without leave to amend.

The Court grants Trustee Corps' motion to dismiss the fifth cause of action for violations of debt collection, pursuant to NRS § 649.370, without leave to amend. Pursuant to NRS § 649.370 a violation of any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1682 *et seq.*, or any regulation adopted pursuant thereto, is a violation of Nevada law. Nev. Stat. Rev. § 649.370. Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011).

The Court grants Trustee Corps' motion to dismiss the sixth cause of action for unfair and deceptive trade practices, NRS § 598.0923. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city

8

licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Trustee Corps is explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses this claim without leave to amend.

The Court denies Trustee Corps' motion to dismiss the seventh and ninth causes of action to quiet title and for statutory violations of NRS § 107.080. The publicly recorded documents in this case demonstrate that Trustee Corps executed its own substitution of trustee. Although Trustee Corps claims that it was acting as the attorney-in-fact for Wells Fargo, there is nothing in the record to demonstrate that Wells Fargo had given Trustee Corps the authority to act in that capacity. Therefore, there appears to be a statutory defect in this foreclosure and the Court denies the motion to dismiss the seventh and ninth claims.

The Court grants Trustee Corps' motion to dismiss the eighth cause of action to rescind or void the loan agreements based on mistake because Trustee Corps did not originate the loan. Therefore, Plaintiff has failed to state a claim against Trustee Corps. Accordingly, the Court grants in part Trustee Corps' motion to dismiss claims 1, 2, 3, 4, 5, 6, and 8, without leave to amend, and denies in part the motion to dismiss claims 7 and 9.

**V.  Emergency Motion to Extend Time (#35) & Emergency Motion to Withdraw as Attorney (#36)**

On the day before oral argument, Plaintiff's attorneys, Terry J. Thomas and Sherry Bowers, filed both an emergency motion to continue the hearing (#35) and an emergency motion to withdraw as counsel (#36) on grounds that Plaintiff had emailed them that morning stating that their "services were terminated effective immediately" and that she was repudiating the obligation to pay her attorneys' fees. (Mot. to Extend (#35) at 1; Mot. to Withdraw (#36) at 2).

For the reasons stated on the record during oral argument, the Court grants the

9

Emergency Motion to Withdraw as Attorney (#36) and denies as moot the Emergency Motion to Extend Time (#35).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (#4) is DENIED.

IT IS FURTHER ORDERED that Trustee Corps' Motion to Dismiss (#7) is GRANTED in part as to claims 1, 2, 3, 4, 5, 6, and 8, without leave to amend, and DENIED in part as to claims 7 and 9.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay (#9) is DENIED as moot.

IT IS FURTHER ORDERED that Pinnacle Mortgage and Wells Fargo's Motion to Dismiss (#19) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion to Extend Time (#35) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Attorneys' Emergency Motion to Withdraw as Attorney (#36) is GRANTED.

DATED: This _7th_ day of October, 2011.

_____
United States District Judge