UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMY MARCH, aka AMY CARNAZZO,<br><br>        Plaintiff,<br><br>        v.<br><br>PINNACLE MORTGAGE OF NEVADA, LLC, et al.,<br><br>        Defendants. | 3:11-cv-319-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is a Motion to Expunge Lis Pendens (#41) and a Motion for Summary Judgment on the Seventh and Ninth Claims (#42).

**BACKGROUND**

**I.**    **Facts**

Plaintiff Amy March, aka Amy Carnazzo ("Plaintiff") executed a note secured by a deed of trust on a piece of property located at 6780 Diamond Glen Drive, Reno, Nevada 89523, which was recorded in Washoe County on April 5, 2005. (Deed of Trust (#7-1) at 8, 10). The mortgage, dated April 1, 2005, was for $292,800. (*Id.* at 9). The lender and beneficiary on the deed of trust was Pinnacle Mortgage of Nevada, LLC ("Pinnacle Mortgage"). (*Id.* at 8-9). The trustee on the deed of trust was United Title of Nevada. (*Id.* at 9).

On April 1, 2005, Pinnacle Mortgage executed an assignment of the deed of trust and granted, sold, assigned, transferred, and conveyed to Wells Fargo Bank, N.A., all beneficial interest in the deed of trust. (Assignment of Deed of Trust (#7-1) at 30-31).

On May 19, 2010, Trustee Corps, as the attorney-in-fact for Wells Fargo, executed a substitution of trustee, and replaced Trustee Corps as the trustee for United Title of Nevada.

(Substitution of Trustee (#7-1) at 38).

That same day, May 19, 2010, Trustee Corps recorded a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#7-1) at 34). The notice of default indicated that Plaintiff had "failed to pay payments which became due." (*Id.*). The notice of default stated that Plaintiff had the right to cure the default, pursuant to NRS § 107.080. (*Id.*). The notice of default informed Plaintiff that if she did not cure the default within the statutory period, her right of reinstatement would terminate and her property could be sold thereafter. (*Id.* at 34-35). The notice of default provided Wells Fargo Bank's address and phone number and directed Plaintiff to contact Wells Fargo to determine the amount to cure the default. (*Id.* at 35).

On April 12, 2011, Trustee Corps recorded a certificate from the Nevada Foreclosure Mediation Program indicating that the beneficiary could proceed with the foreclosure process because no request for mediation had been made or the grantor had waived mediation. (Mediation Certificate (#7-1) at 43). That same day, April 12, 2011, Trustee Corps recorded a notice of trustee's sale, scheduled for May 6, 2011, with the Washoe County Recorder's office. (Notice of Trustee's Sale (#7-1) at 40). On April 27, 2011, Plaintiff's attorney filed a notice of lis pendens. (Notice of Lis Pendens (#7-1) at 45).

## II. Procedural History

In May 2011, MTC Financial, Inc. dba Trustee Corps ("Trustee Corps") filed a petition for removal to this Court. (Pet. for Removal (#1)). Trustee Corps attached the first amended complaint from the Second Judicial District Court in Washoe County. (Comp. (#1) at 4-21). In the complaint, Plaintiff sued Pinnacle Mortgage of Nevada, LLC; Trustee Corps; Doe Local Handyman/Locksmith (an unknown entity); Doe Local Lawn Maintenance Company (an unknown entity); and Wells Fargo Bank, NA. (*Id.* at 4). Plaintiff's complaint listed nine causes of action. (*Id.* at 6-20).

In October 2011, this Court issued an order granting Pinnacle Mortgage and Wells

Fargo's motion to dismiss all claims against them because Plaintiff, counseled at the time,[1] failed to respond to the motion. (Order (#38) at 6). The Court granted in part and denied in part Trustee Corps' motion to dismiss. (*Id.* at 9). The Court granted Trustee Corps' motion to dismiss claims 1, 2, 3, 4, 5, 6, and 8, without leave to amend, but denied the motion to dismiss claims 7 and 9. (*Id.*). With respect to the seventh and ninth causes of action to quiet title and for statutory violations of NRS § 107.080, the Court stated the following:

> The publicly recorded documents in this case demonstrate that Trustee Corps executed its own substitution of trustee. Although Trustee Corps claims that it was acting as the attorney-in-fact for Wells Fargo, there is nothing in the record to demonstrate that Wells Fargo had given Trustee Corps the authority to act in that capacity. Therefore, there appears to be a statutory defect in this foreclosure and the Court denies the motion to dismiss the seventh and ninth claims.

(*Id.*).

The pending motions now follow.

## LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions,

---

[1] In the October 2011 order, this Court granted Plaintiff's attorney's motion to withdraw as Plaintiff's attorney. (Order (#38) at 9-10). Plaintiff is presently proceeding *pro se*.

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

**I.     Motion for Summary Judgment of the Seventh and Ninth Claims (#42)**

Trustee Corps filed a motion for summary judgment on the remaining claims stated against it. (Mot. for Summ. J. (#42) at 1). In its motion for summary judgment, Trustee Corps attached a Limited Power of Attorney, recorded on January 27, 2010, to demonstrate that it had the authority to act as Wells Fargo's attorney-in-fact at the time it executed the substitution of trustee. (*Id.* at 4). Mark Wooton, the Assistant Vice President of Wells Fargo Bank N.A., executed and notarized the Limited Power of Attorney on December 18, 2009. (Limited Power of Atty (#42-4) at 3). The Limited Power of Attorney stated that Wells Fargo had appointed Rande Johnsen and Juan Carrillo of MTC Financial, Inc. dba Trustee Corps to be "its true and lawful attorney in fact for, and in its name, place and stead, and for its use and benefit, for every act customarily and reasonably necessary and appropriate for: The execution, acknowledgment, recording and delivery of beneficiary's . . . Substitutions of Trustees, Notices

4

of Default on Mortgages . . .". (*Id.*). The Limited Power of Attorney was effective from the date of execution until December 31, 2012. (*Id.*).

Plaintiff did not file a response. (*See generally* Docket Sheet).

In this case, the Court grants summary judgment on claims 7 and 9. The Limited Power of Attorney demonstrates that Trustee Corps had the authority from Wells Fargo to execute substitution of trustees on Wells Fargo's behalf. As such, Trustee Corps validly executed the Substitution of Trustee and there is no statutory defect in the foreclosure. As such, the Court grants Trustee Corps' Motion for Summary Judgment (#42).

**II.   Motion to Expunge Lis Pendens (#41)**

Pinnacle Mortgage and Wells Fargo move to expunge the lis pendens recorded by Plaintiff because all claims have been dismissed against them. (Mot. to Expunge (#41) at 3).

Plaintiff did not file a response. (*See generally* Docket Sheet).

Pinnacle Mortgage and Wells Fargo filed a notice of non-opposition informing the Court that Plaintiff did not file a response. (Non-Opp'n (#45) at 1-2).

The Court grants the motion to expunge the lis pendens because Plaintiff failed to respond and there are no pending claims against any of the defendants. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Nev. Loc. R. 7-2(d). As such, the Court grants the motion to expunge lis pendens (#45).

///
///
///
///
///
///
///
///
///

5

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Expunge Lis Pendens (#41) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment on the Seventh and Ninth Claims (#42) is GRANTED in its entirety with prejudice.

IT IS FURTHER ORDERED that the hearing scheduled for March 12, 2012, is VACATED.

There are no remaining claims in this case. The Clerk of the Court shall enter judgment accordingly.

DATED: This _24th_ day of February, 2012.

_____
United States District Judge